## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MATTHEWS,                     :          No. 4:25cv385
               **Plaintiff**            :
                             :          (Judge Munley)
     v.                                  :
                             :

JOHN D. DECKER, JESSICA               :
WILLIAMS, ROBERT NORTON,              :
STACEY MILLER, and KEVIN              :
RANSOM,                               :
            **Defendants**          :

## ORDER

On March 3, 2025, Plaintiff William Matthews filed a complaint in the above

action alleging violations of 42 U.S.C. § 1983 by the defendants. (Doc. 1).

Specifically, Count I alleges that three Pennsylvania State Troopers, Defendants

Decker, Williams, and Norton, violated the plaintiff's Fourth and Eighth

Amendment rights by "filing false charges against the [p]laintiff and by continuing

to prosecute these false charges for nine and a half months knowing that they

had no evidence, nor witnesses, nor a legal reason to keep those charges

pending." (Id. ¶ 23).  Count II alleges that the Superintendent of SCI-Dallas,

Kevin Ransom, and the Deputy Superintendent, Stacey Miller, violated plaintiff's

Eighth and Fourteenth Amendment rights by placing the plaintiff in restricted

housing for no reason. (Id. ¶¶ 28-33).

Matthews, through his same counsel, however, has previously sued these defendants for the same alleged civil rights violations arising out of the same underlying facts. (See Smith v. Decker, 4:22cv1396 (Doc. 51, Am. Compl.)). The court dismissed the earlier case with prejudice without leave to amend following a ruling on the defendants' motions to dismiss.[1] Smith v. Decker, No. 4:22CV1396, 2024 WL 1536752 (M.D. Pa. Apr. 9, 2024). Matthews did not appeal that ruling. Matthews waited eleven (11) months and filed the instant action instead. Because this matter is duplicative of the claims Matthews pursued in the earlier case and is barred by the doctrine of *res judicata*, the court will dismiss this action with prejudice.

"It can be 'appropriate in special circumstances' for a court to address a preclusion argument *sua sponte*." Herrera v. Wyoming, 587 U.S. 329, 348, n. 5 (2019)(quoting Arizona v. California, 530 U.S. 392, 412 (2000)); see also United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009). Those special circumstances include where the court is "on notice that it has previously decided the issue presented…even though the defense has not been raised[.]" Arizona, 530 U.S. at 412 (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980)

---

[1] Specifically, the court overruled an objection to one (1) of four (4) separate reports and recommendations ("R&Rs") by Chief Magistrate Judge Daryl F. Bloom and adopted the R&Rs. See 2024 WL 1549226 (M.D. Pa. Jan. 17, 2024); 2024 WL 1546955 (M.D. Pa. Jan. 17, 2024); 2024 WL 1549222 (M.D. Pa. Jan. 18, 2024)(regarding Decker, Williams, Norton, Miller, and Ransom); 2024 WL 1549230 (M.D. Pa. Jan. 19, 2024),

(Rehnquist, J., dissenting)).  Moreover, "this result is fully consistent with the policies underlying *res judicata*, in that it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Id.

*Res judicata* bars an action when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).

All three elements are met here.  First, the April 4, 2024 order in Smith v. Decker dismissed the earlier case with prejudice without leave to amend following a ruling on the defendants' motions to dismiss.  That is unmistakably a final judgment on the merits.  Second, the same parties appear in this action. The only difference is that, before, Matthews joined his claims with another individual, Dana Elroy Smith, and the earlier action involved Smith's jailers along with the above-named defendants.  This difference is immaterial.

As for the last element, Matthews responded to a show cause order with the following:

> The original complaint, which was dismissed by this Honorable Court, focused on the action so the police [sic] and the various Defendants after charges were filed by

requesting continuances and delaying the criminal charges from proceeding despite having knowledge that there was no witness present to testify at a preliminary hearing...The new complaint, filed at the above-captioned civil number, now primarily focuses on the action of the police prior to the filing of charges, in that the allegations are that [sic], even before the charges were filed against the Plaintiff, they were placed on notice by the alleged witness that he was not going to appear for any hearing, nor would he be cooperating any further.

(Doc. 5).

The court fails to see how this nuance makes this subsequent suit different. Matthews's response also fails to articulate distinctions in his current claims against Defendants Miller and Ransom from SCI-Dallas compared to the prior action.

Four factors are prescribed to decide whether a case involves the same cause of action:

> (1) whether the acts complained of and the demand for relief are the same...;
>
> (2) whether the theory of recovery is the same;
>
> (3) whether the witnesses and documents necessary at trial are the same...; and
>
> (4) whether the material facts alleged are the same.

United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)(citation omitted).

It is not dispositive that Matthews asserts that he will advance a slightly different theory of recovery against some defendants. See id. (citation omitted). Rather, the focal points of the analysis are the other factors. Id. Here, Matthews complains of the same acts by the defendants and his demands for relief are the same. The allegations of the operative pleadings also mirror each other. Thus, the witnesses and documents at trial would be the same.

Furthermore, notwithstanding the plaintiff's attempts to distinguish this action, the central purpose of the res judicata doctrine requires a plaintiff to present all claims arising out the same occurrence in a single suit. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014)(citations omitted). Res judicata also bars claims that could have been brought in a previous action. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)(citation omitted). "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Blunt, 767 F.3d at 277 (quoting Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982); Restatement (Second) of Judgments § 24(1) (1982))(cleaned up).

5

In light of the above, it is hereby **ORDERED** that:

1) Plaintiff's complaint is **DISMISSED** with prejudice as barred by *res judicata*; and

2) The Clerk of Court is directed to close this case.

Date: 3/21/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court